IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROREY EUGENE MULLINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:21-cv-00371 |
| JILL BARTEE AYERS, et al., | ) JUDGE RICHARDSON |
| Defendants. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is a pro se Complaint for alleged violation of civil rights (Doc. No. 1) filed pursuant to 42 U.S.C. § 1983 by Plaintiff Rorey Mullins, a pretrial detainee in the custody of the Montgomery County Jail in Clarksville, Tennessee. Plaintiff subsequently filed another pleading summarizing his Complaint, which the Court construes as a supporting memorandum (Doc. No. 4), and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 9.)

The case is now before the Court for ruling on the IFP application and initial review of the Complaint pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## APPLICATION TO PROCEED IFP

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, that application (Doc. No. 9) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350 civil filing fee. The warden of the facility in which Plaintiff is currently housed, as custodian of

Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility where Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## INITIAL REVIEW OF THE COMPLAINT

I. PLRA SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains

2

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

II. SECTION 1983 STANDARD

Plaintiff seeks to vindicate alleged violations of his rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution

3

or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

III. ANALYSIS

Plaintiff claims that his Fourteenth Amendment rights to due process and equal protection have been violated by a series of continuances of his state criminal trial, beginning with the first continuance on October 30, 2020. (Doc. No. 1 at 2–6.) He alleges that, at each monthly court appearance he made between October 2020 and April 2021 before Montgomery County Circuit Court Judge Jill Bartee Ayers, his trial date was continued. Plaintiff sues Judge Ayers, District Attorney General John Carney, Assistant District Attorneys Art Bieber, Robert Nash, and Robert Koewler, and Clarksville Police Detective Parks for their involvement in the continuances of his trial date, claiming that he has been injured by the delay since he was the victim of a shooting and has been unable to have corrective surgery or physical therapy during his pretrial detention. (*Id.* at 6.) As relief, Plaintiff seeks a minimum of $300,000.00 in damages for his pain and suffering, in addition to an order for his release from jail and the dropping of all charges against him. (*Id.*)

The Complaint fails to state a viable claim to any such relief, against any Defendant. As an initial matter, the claim for damages against Detective Parks is subject to dismissal because, aside from naming him as a Defendant, the Complaint does not contain any allegation of Parks's personal involvement in the continuation of any trial setting. Without specifying any conduct of Parks upon which to base a finding that he could be held responsible for Plaintiff's alleged harm, the Complaint fails to state a viable claim against him. *See Green v. Correct Care Sols.*, No. 3:14-cv-01070, 2014 WL 1806997, at *4 (M.D. Tenn. May 7, 2014) (citing cases) ("It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to

4

dismissal as to that defendant, even under the liberal construction afforded to pro se complaints."); *see also Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability.") (citing *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991)).

Aside from Detective Parks, Plaintiff has sued a state judge and multiple state prosecutors[1] in their official capacities (*see* Doc. No. 1 at 2–3), seeking monetary and injunctive relief. But these officials are immune from Plaintiff's damages claim under Section 1983. A suit for damages against a state employee in her official capacity is a suit against the employing state agency, which is no different than a suit against the state itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing, e.g., *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)). The Eleventh Amendment prohibits suits against a state in federal court. *Kentucky*, 473 U.S. 159; *Pennhurst State Schl. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984). Furthermore, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71.[2] Any official-capacity claims for damages against these Defendants are therefore barred by the Eleventh Amendment and outside the purview of Section 1983.

Even if the Complaint were liberally construed to state individual-capacity claims, these Defendants enjoy absolute immunity from suit on such claims. It is well established that judges are absolutely immune from Section 1983 liability for their judicial acts. *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Barrett v. Harrington*, 130 F.3d

---

[1] State law establishes the nineteenth judicial district (serving Montgomery and Robertson Counties) and provides for its trial court judges, district attorney general, and assistant district attorneys general. Tenn. Code Ann. § 16-2-506(19).

[2] "Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Will*, 491 U.S. 71 n.10 (citation and internal quotation marks omitted).

5

246, 254 (6th Cir. 1997). Similarly, prosecutors enjoy absolute immunity from suit under Section 1983 for conduct related to the initiation and presentation of the State's case. *Imbler v. Pachtman*, 424 U.S. 409, 420, 431 (1976); *Howell v. Sanders,* 668 F.3d 344, 349 (6th Cir. 2012). Plaintiff does not allege that the Defendant judge and prosecutors acted outside the scope of their official duties in repeatedly continuing his trial setting. At best, he alleges that they performed their judicial and prosecutorial functions in a wrongful way. But the immunity afforded to judges and prosecutors is not defeated by allegations that such officials acted maliciously or corruptly, as it is in the public interest that these officials be able to perform their functions without fear of consequences, even when their motives in performing such functions are questioned. *Imbler*, 424 U.S. at 427–28; *Pierson*, 386 U.S. at 554. Accordingly, any claim against these Defendants in their individual capacities would be subject to dismissal.

Turning to Plaintiff's requests for injunctive relief, his challenge to the continuing validity of his confinement is within the sole province of habeas corpus—release from custody is not properly sought under Section 1983. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Even if the Complaint were liberally construed as a petition for habeas relief under 28 U.S.C. § 2241 to vindicate Plaintiff's speedy trial rights, the Court would have to abstain from considering his request for release and dismissal of all charges because of his failure to show (1) that all available state procedures to redress the claimed speedy trial violation have been exhausted, and (2) that the resulting prejudice to his defense could not be resolved at trial. *See Abernathy v. U.S. Marshal Serv.*, No. 2:08-CV-14663, 2008 WL 4858442, at *1 (E.D. Mich. Nov. 10, 2008) ("[A]lthough 28 U.S.C. § 2241 establishes federal court jurisdiction to consider pretrial habeas petitions, courts abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits or by other available state procedures.") (citing *Atkins v. People of the*

*State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981)). It is only in such extraordinary circumstances—where there is a threat of irreparable injury that is both "great and immediate," *Younger v. Harris*, 401 U.S. 37, 45–46 (1971)—that federal intrusion into ongoing state criminal proceedings may be warranted. *Atkins*, 644 F.2d at 546. No such extraordinary circumstances are apparent from the Complaint's reference to Plaintiff's inability thus far to get corrective surgery or physical therapy, which he claims would aid his recovery from a gunshot wound that left him reliant upon a walker. (Doc. No. 1 at 6.) These allegations appear to be offered to support Plaintiff's request for damages; they are not tied to his claim that multiple continuances of his trial date within the span of less than a year violate his Fourteenth Amendment rights. The delay he complains of does not present a "great and immediate" threat to his ability to vindicate those constitutional rights in state court, and therefore does not warrant federal intrusion into his state criminal prosecution. *See Moore v. Sims*, 442 U.S. 415, 433 (1979) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)) ("Only if 'extraordinary circumstances' render the state court incapable of fairly and fully adjudicating the federal issues before it, can there be any relaxation of the deference to be accorded to the state criminal process.").

Accordingly, Plaintiff's challenge to his pretrial detention—whether considered under Section 1983 as filed, or liberally construed under Section 2241—cannot be adjudicated in this Court and will therefore be dismissed.

## CONCLUSION

For the reasons set forth above, the Court finds that the Complaint fails to state a claim upon which relief may be granted. This case is therefore **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE